

**FILED**
**MARCH 25, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**
MAR 21 2008
Mar 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America ex rel.

__Richard Sharp #K76248__
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

__Warden Donald A. Hulick__
(Warden, Superintendent, or authorized person having custody of petitioner)

RESPONDENT, and

(Fill in the following blank **only** if judgment attacked imposes a sentence to commence in the future)

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

08CV1668
JUDGE HART
MAGISTRATE JUDGE NOLAN

Case Number of State Court Conviction:

__00 CR 19274__

## PETITION FOR WRIT OF HABEAS CORPUS - PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: __Circuit Court of Cook County, Illinois__

2. Date of judgment of conviction: __8-8-02__

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   __First Degree Murder based upon a theory of accountability__

4. Sentence(s) imposed: __33 yrs, which was later reduced to 28 yrs__

5. What was your plea? (Check one)
   (A) Not guilty      (✓)
   (B) Guilty          ( )
   (C) Nolo contendere ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

   _____

Revised: 7/20/05

**PART I – TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):   Jury (✓)   Judge only ( )

2. Did you testify at trial?   YES (✓)   NO ( )

3. Did you appeal from the conviction or the sentence imposed? YES (✓)   NO ( )

   (A) If you appealed, give the

   (1) Name of court: _Appellate Court of Illinois' First District_

   (2) Result: _Judgment of the Trial court Affirmed_

   (3) Date of ruling: _June 9, 2004_

   (4) Issues raised: _The State's failure to prove me guilty of Murder beyond a reasonable doubt. The State's failure to prove me guilty beyond a reasonable doubt by failing to prove the Corpus delicti of murder, namely that a murder did occur. And I was denied my 6th Amendment right to the effective assistance of counsel._

   (B) If you did not appeal, explain briefly why not:

   _____

4. Did you appeal, or seek leave to appeal, to the highest state court?   YES (✓)   NO ( )

   (A) If yes, give the

   (1) Result: _Judgment of Appellate Court of Illinois' First District Affirmed_

   (2) Date of ruling: _12-12-04_

   (3) Issues raised: _The State's failure to prove me guilty of Murder beyond a reasonable doubt. The State's failure to prove me guilty beyond a reasonable doubt by failing to prove the Corpus delicti of murder, namely that a Murder did occur. And I was denied my 6th Amendment right to the effective assistance of counsel._

   (B) If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*?   Yes ( )   No (✓)

   If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

2

**PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

    YES (✓)   NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A. Name of court:  Circuit Court of Cook County Illinois

    B. Date of filing:  3-29-05

    C. Issues raised:  Ineffective Assistance of Appellate Counsel, Perjury of State wittness, Substantive defect of Indictment.

    D. Did you receive an evidentiary hearing on your petition?   YES ( )   NO (✓)

    E. What was the court's ruling?  Petition was Dismissed

    F. Date of court's ruling:  5-18-05

    G. Did you appeal from the ruling on your petition?   YES (✓)   NO ( )

    H. (a) If yes, (1) what was the result?  The ruling was affirmed

        (2) date of decision:  3-29-07

    (b) If no, explain briefly why not: _____

    I. Did you appeal, or seek leave to appeal this decision to the highest state court?

    YES (✓)   NO ( )

    (a) If yes, (1) what was the result?  The Appellate's Court decision was affirmed

        (2) date of decision:  9-26-07

    (b) If no, explain briefly why not: _____

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (✓)

  A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

   1. Nature of proceeding   _____
   2. Date petition filed   _____
   3. Ruling on the petition   _____
   4. Date of ruling   _____
   5. If you appealed, what was the ruling on appeal?   _____
   6. Date of ruling on appeal   _____
   7. If there was a further appeal, what was the ruling?   _____
   8. Date of ruling on appeal   _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO (✓)

  A. If yes, give name of court, case title and case number: _____

  B. Did the court rule on your petition? If so, state

   (1) Ruling: _____
   (2) Date: _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES (✓)   NO ( )

  If yes, explain: I filed a Successive Post Conviction Petition on 10-29-07 because I believe that there exists a substantial change in the law that affects my sentence. I still haven't received a response from the Judge yet.

**PART III – PETITIONER'S CLAIMS**

1. State <u>briefly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one **The State failed to prove defendant guilty beyond a reasonable doubt of First Degree Murder.** Supporting facts (tell your story <u>briefly</u> without citing cases or law):

The State failed to link the decedent with the shooting involving the defendant. No witnesses testified to seeing the shooting involving Jackson (the decedent). No responding Police officer or medical personnel testified that they saw Jackson at the location of the shooting involving Sharp before he was taken to the hospital. There was no testimony regarding how or when Jackson's body arrived at the hospital, or from what location the body was transported. The firearm and blood evidence recovered at the shooting scene was not forensically linked to Jackson. Despite this lack of evidence, the Illinois Supreme Court sustained Sharp's conviction, relying on incompetent evidence and unfounded assumptions. U.S.C.A 5th, 6th, 14th violations

(B) Ground two **The State failed to prove the "Corpus delicti" of murder.**
Supporting facts:

There was no independant corroboration of the link between the shooting involving Richard Sharp and Andrew Jackson's death. The independent evidence presented by the State tended only to show that Sharp was involved in a shooting on June 21, 2000, in the area of 111th and Vernon. There was no independent evidence that showed that Andrew Jackson's death was in any way connected to the shooting. The Appellate court pointed to the parties' stipulation to the cause of Andrew Jackson's death and the testimony of Investigator Gahagan and Toby Davidson as independant corroborating evidence. As to the stipulation, Sharp does not contest the fact that Jackson died as a result of gunshot wounds. However, the stipulation did not address <ins>where</ins> or when Jackson died and no other evidence proved these facts. There was no evidence that Jackson died on June 21 or that he died that evening. There was no evidence that Jackson was shot in the area of 111th and Vernon. In fact, Gahagan testified that she first saw Jackson's body at Roseland Hospital. But there was no testimony regarding how or when Jackson's body arrived there. No witnesses testified to seeing the shooting involving Jackson or his body. No responding Police officer or medical Personnel testified regarding Jackson. There was no evidence that Jackson was even in the area of 111th Vernon on the night of June 21. Despite this lack of evidence, the Illinoise Supreme court sustained Sharp's conviction. U.S.C.A 5th, 6th, 14th violations.

Revised: 7/20/05

(C) Ground three _Ineffective assistance of trial Counsel_
Supporting facts:

Defense counsel failed to object to inadmissible hearsay evidence which provided the only arguable link between Sharp and Andrew Jackson's death. Defense counsel's failure to object to inadmissible hearsay undermined confidence in the outcome of the trial, and arguably allowed Sharp's conviction to rest on incompetent evidence. The first instance of ineffectiveness was defense counsel's failure to move to redact a portion of Sharp's videotaped statement indicating that Sharp had learned from Shempert's bragging with a Defender newspaper that a man was killed on a 111th and Vernon. Sharp contends that this was hearsay because it was not based on his personal knowledge. Specifically, there was no evidence that Sharp had any independent personal knowledge that a person was injured or killed as a result of the shooting in which he was involved.

(D) Ground four _The Conviction cannot be maintained because it was based upon the perjured testimony of Toby Davidson._
Supporting facts:

During trial Toby Davidson testified that he saw Sharp with English and Shempert and heard Sharp say he was going to shoot Gangster Disciples. Davidson further said that Sharp went to his mother's house and picked up two guns and gave them to English and Shempert. But in his initial statement to ASA Driscoll of the felony review unit, Toby said that the guns used in the homicide were considered as nation guns and were picked up by Twan and Digalo. This perjured testimony of Toby Davidson was used to corroberate the coerced confession that I made, and it was also used by the Appellate court, and the ILL Supreme court to affirm my conviction. The record reflects Davidson's inconsistencies. That but for admission of said perjurious testimony of Davidson's, the coerced confession may have been rejected. U.S.C.A 5th, 14th.

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

   YES (✓)   NO ( )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

   _____
   _____

Revised: 7/20/05

C) Supporting facts: There was no evidence of the date of the newspaper in which the article appeared. There was also no evidence of who wrote the article and whether that person had first-hand knowledge of the incident or whether he or she obtained the information second-hand from other witnesses or third-hand from people who heard about the details of Jackson's death. There was no evidence regarding when the shooting described in the defender occured. Even assuming that Sharp learned the Identity of the victim, from Shempert or the Defender, this portion of the videotaped statement suffered from the same infirmities of unreliability. Thus, defense counsel's failure to move to redact the statements or otherwise object was objectively unreasonable. U.S.C.A 5th, 6th, 14th violations

E D) Ground five: Failure to charge petitioner under the statute in effect at the time the alleged offense occurred is a substantive defect and not formal.

Supporting facts: Sharp was charged with committing the alleged offenses on June 21, 2000, at that time P.A. 91-434 was in effect and covered the statute for murder pursuant to 720 ILCS 5/9-1 (West 2000). 720 ILCS 5/9-1 (West 2000) had to be cited on the indictment to demonstrate what public act covered the charges. The year references the public act which authorized prosecution for violation thereof. Sharp's indictment references a non existent statutory provision. It erroneously avers he violated 720 ILCS 5/9-1 (1992 ILCS as amended). As amended does not refer to a later statute. In other words, the statue cited is the one the people alleged petitioner was in violation of and is the one the people is stuck with (1992 ILCS as amended) which don't exist. No law can be found under said statue. Because no public act for 720 ILCS 5/9-1 (1992 ILCS as amended) exists, which

Pg. 6.B

authorizes it as law. If so, let the state produce it. The people cannot because P.A. 87-525 Eff. Jan 1992. Covered the murder statute under ILL. Rev. Stat. Ch. 38 par. 9-1 (1992 west). It is therefore reasonably asserted that there exists no (1992 ILCS as amended). Sharp is actually innocent of the mislaid charges because they do not exist. He is unlawfully restrained, illegally detained, and deprived of his liberty without due process of law. U.S.C.A 4th, 5th, 14th violations.

F.) **Ground Six:** Sharp was denied effective assistance of appellate counsel.

   <u>Supporting facts:</u> Appellate counsel failure to raise the issues attacking the charging instrument, and trial counsel's failure to raise a valid and viable defense in a motion to dismiss indictment constituted Appellate counsel incompetency. That but for Appellate Counsel's failure to assign trial counsel as ineffective and raise the defective indictment on Appeal the strongest legal theory. That outcome of the Appeal probably would have been different. The same constituted prejudice. U.S.C.A 5th, 6th, 14th violation.

G.) **Ground Seven:** Sharp was deprived of effective assistance of appellate counsel where oral argument was allowed by the Appellate court, and Appellate defender was not present for said argument.

   <u>Supporting facts:</u> The Illinois Appellate court allowed oral arguments in case #1-02-3730. However Appeal counsel Jennifer Wu assistant State Appellate Defender was not present for said argument. The court did not reschedule oral arguments. Counsels failure to show up at oral argument operated to prejudice petitioner. U.S.C.A 6th violation

Pg. 6.C

**PART IV – REPRESENTATION**

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing __Steven Wagner__

(B) At arraignment and plea __Steven Wagner__

(C) At trial __Steven Wagner__

(D) At sentencing __Steven Wagner__

(E) On appeal __Jennifer Wu__

(F) In any post-conviction proceeding __Pro Se__

(G) Other (state): _____

**PART V – FUTURE SENTENCE**

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (✓)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: __3-16-08__
(Date)

Signature of attorney (if any) _____

I declare under penalty of perjury that the foregoing is true and correct.

__Richard Sharp__
(Signature of petitioner)

__K76248__
(I.D. Number)

__P.O. Box 711, Menard, IL 62259__
(Address)

7

IN THE UNITED STATES DISTRICT COURT
FOR THE __Northern__ DISTRICT OF ILLINOIS

__Richard Sharp__
Plaintiff,

v.

__Warden Donald A. Hulick__

Defendants.

No. _____

The Honorable

_____,
Judge Presiding.

## NOTICE OF FILING

TO: __Clerk of the United States District Court - Prisoner correspondent__
__219 S. Dearborn Street__
__Chicago, IL 60604__

PLEASE TAKE NOTICE that on or before the __16__ day of __March__, ____, I shall file with the Clerk of the U.S. District Court For The __Northern__ District of Illinois, the attached Plaintiff's __Federal Habeus Corpus Petition__ a copy of which is hereby served upon you.

By: __Richard Sharp__
Register Number __K76248__
Post Office Box 711,
Menard, Illinois 62259

## CERTIFICATE OF SERVICE

I, __Richard Sharp__, being duly sworn aver that I have served copies of the foregoing to the person named above by placing such copies in the U.S. Mailbox at the Menard Correctional Center on the ____ day of _____, ____; postage prepaid. UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

__Richard Sharp__
Affiant/